U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUL 15 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Etienne, et al                  Civil Action No. 15-00462

versus                      Judge Richard T. Haik, Sr.

Farmers Insurance Co., et al        Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is an unopposed Motion To Dismiss Under Federal Rule Of Civil Procedure 12(b)(1) filed by Defendants, Farmers Insurance Company ("Farmers") [Rec. Doc. 19]. Oral argument is not necessary. For the reasons that follow, Framer's Motion will be granted.

*I. Background*

Plaintiff, Melton Etienne, was involved in an automobile accident on October 22, 2011 which caused the "total loss" of his vehicle. Plaintiff's automobile insurance was with Century 21 Centennial Insurance Company ("21st Century"). Plaintiff filed this action alleging that in adjusting his claim, 21st Century employed a valuation model know as CCC Valuescope Value Report ("CCC Valuescope") which yields lower automobile damage valuations than other metrics such as Kelley Blue Book and NADA book value. Plaintiff alleges 21st Century refused to negotiate the difference between the CCC Valuescope amount and the NADA book value of his vehicle, resulting in a deficit of approximately $3,000.00.

Plaintiff asserts causes of action against FICO and 21st Century "individually and on behalf of others similarly situated," for breach of contract and bad faith insurance practices

under La. R.S. 22:1892 "and/or" 22:1973. He claims entitlement to the difference between the amount tendered by 21st Century and the "fair market value" of the subject vehicle, statutory penalties for bad faith insurance practices, and attorneys' fees.

Plaintiff seeks the certification of a class of plaintiffs described as follows: "all past and present [FICO and Century] policy holders who have made claims against their policy for the total loss of a vehicle and had those claims undervalued through the use of the CCC Valuescope Value Report system and/or other unfair valuation tools used by [FICO and 21st Century]. Plaintiff further asserts that "the class consists of numerous policyholders who are located throughout the State of Louisiana and the United States . . . ."

## II. Legal Standard

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). A Rule 12(b)(1) motion to dismiss is the proper method with which to bring a motion to dismiss for lack of standing. *Harrison v. Safeco Ins. Co. of America,* 2007 WL 1244268, at *3 (E.D.La. Jan. 26, 2007) (citing *Ramming,* 281 F.3d at 161). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming,* 281 F.3d at 161. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.* (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980)).

The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for

a motion to dismiss pursuant to Rule 12(b)(6). *Harrison,* at *3. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) (quoting *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.,* 495 F.3d at 205 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* (quoting *Twombly,* 550 U.S. at 555.

### III. Law And Analysis

Plaintiff asserts claims for breach of insurance contract, statutory penalties and attorney's fees, and fraud. Farmers argues that Plaintiff's Complaint must be dismissed agaisnt Farmers because he lacks Article III standing to pursue this case against Farmers.

Article III of the United States Constitution requires that parties seeking to resolve disputes before a federal court present actual "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. Plaintiffs, as the party invoking the Court's jurisdiction, bears the burden of satisfying the Article III requirement by demonstrating that he has standing to adjudicate his claims in federal court. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). A plaintiff has standing to sue under an insurance policy if the plaintiff is a named insured or

an additional named insured. *Williams v. Certain Underwriters At Lloyd's of London*, 398 Fed.Appx. 44, 47 (5th Cir.2010). Where a plaintiff has no insurance relationship with an insurer, he lacks standing to assert statutory bad faith claims. *Riley v. Transamerica Ins. Grp. Premier Ins. Co.*, 923 F.Supp. 882, 888 (E.D. La.1996) (To succeed on his [statutory bad faith] claims, a plaintiff must first show that he has a valid, underlying, substantive claim upon which insurance coverage is based).

>   Here, Plaintiff's Amended Complaint states:
>
>   III(C) The policy of insurance at issue herein in this cause of action was issued directly by Defendant 21st Century Centennial Insurance Company, a written contractual agreement signed by Complainant and Defendant 21st Century Centennial Insurance Company (21st), by Farmers Insurance Company Inc. is independent and related simultaneously to 21st, and should, therefore, be included as a Defendant.

*R. 6, p. 2.* Hence, Plaintiff concedes the only policy under which he was a named insured was issued by 21st Century, not Farmers, and that Farmers is "independent" of 21st Century.

Thus, as Plaintiff has not alleged the existence of a standing-creating insurance relationship between himself and Farmers— nor any causal relationship between his claimed injury and the conduct of Farmers—he cannot prove any set of facts in support of his claim which would entitle him to relief. *See Harrison v. Safeco Ins. Co. Of America*, 2007 WL 1244268 (E.D. La., 2007).

Moreover, the presence of Plaintiff's class allegations in which he asserts claims on behalf of unnamed putative class members against Farmers does not relieve him for demonstrating individual standing as to Farmers. The Supreme Court and the Fifth Circuit clearly require class representation standing as a threshold issue in class action litigation. *Lewis v. Casey*, 518 U.S. 343, 357 (1996); *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981).

In short, Plaintiff has not shown a "case or controversy" exists between himself and

4

Farmers sufficient to confer Article III standing. Without Article III standing in the first place, Plaintiff cannot claim standing for Rule 23 purposes. Accordingly,

**IT IS ORDERED** that the unopposed Motion To Dismiss Under Federal Rule Of Civil Procedure 12(b)(1) filed by Defendants, Farmers Insurance Company ("Farmers") [Rec. Doc. 19] is **GRANTED** and Farmers Insurance Company is **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** this 14th day of July, 2015 at Lafayette, Louisiana.

_____
Richard T. Haik, Sr.
United States District Judge